UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,　　　　　　　　　　　　　　　　Case No. 6:23-bk-05281-TPG

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

　　　　Debtor.
_____/

## RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

Stephen L. Phelps ("Phelps" or "Debtor") responds to Trustee's Objections to Property Claimed As Exempt by Debtor (Doc. 29), and says:

1. Admitted that this case was filed on December 15, 2023 (the "Petition Date").

2. Admitted.

### Homestead

3. Admitted. The Debtor owns the real property located at 37245 County Road 439, Eustis, Florida (the "Homestead Property"). The Debtor listed the Homestead Property on Schedule A (Doc. 18, page 4) and claimed 100% of the fair market value of the Homestead Property as exempt on Schedule C pursuant to Article X, section 4 of the Florida Constitution (Doc. 18, page 9).

The Homestead Property is the Debtor's principal (and only) residence and was his principal (and only) residence on the Petition Date. The Homestead Property consists of 10 acres of contiguous land. It is located in Lake County and is not located within a municipality. Accordingly, the Debtor properly claimed the Homestead Property as exempt pursuant to Article X, section 4 of the Florida Constitution such that the Trustee's objection should be overruled.

4. Admitted. Although for exemption purposes the value is not relevant, the Debtor does not have any current appraisals for the property and listed the value in his Schedules based on the market value determined by the Lake County Property Appraiser.

5. For the reasons stated above, the Trustee's objection is due to be overruled.

6. Denied that "creditor's funds were used on the Property."

### Household Goods

7. Admitted. On Schedule B, the Debtor listed household goods and furnishings (Part 3, item 6), electronics (Part 3, item 7), collectibles of value (Part 3, item 8) and equipment for sports and hobbies (Part 3, item 9) with an aggregate value of $11,645.00. The Debtor also listed miscellaneous equipment and tools (Part 3, item 14) with an aggregate value of $5,725.00. The values listed by the Debtor are based on an appraisal prepared by Robert Ewald of Ewald Auctions.

8. Denied. The total value of the items listed in items 6, 7, 8, 9 and 14 is $17,370.00. All of the Debtor's personal property is subject to a blanket lien held by RT Royal Investments based upon a UCC-1 filed by that entity. There is no equity in the personal property for the benefit of the estate.

9. The Debtor claimed $1,000.00 of the household goods and furnishings as exempt pursuant to Fla. Const. Art. X, section 4. To the extent that the Trustee is objecting to that claim of exemption, the objection is due to be overruled.

### The Motor Vehicle

10. Admitted.

11. Admitted.

12. The $7,500.00 valuation of the 2011 Jaguar is based on an appraisal performed by Robert Ewald of Ewald Auctions. The Debtor claimed $1,000.00 of the value of the Jaguar as exempt pursuant to Fla. Stat. §222.25(1). To the extent that the Trustee is objecting to that claim of exemption, the objection is due to be overruled. Additionally, the Jaguar is co-owned by the Debtor and Betty Ferrero and Ms. Ferrero is listed as a lienholder on the title to the vehicle. There is no equity in the Jaguar for the benefit of the estate.

**Kenneth D. Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
P. O. Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058
Email: chip@herronhilllaw.com
elizabeth@herronhilllaw.com

*Attorney for the Debtor*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2024, I mailed the foregoing document by first class mail postage prepaid to the following:

Richard Webber
PO Box 2907
Orlando, FL 32802

**Kenneth D. Herron, Jr.**
Fla. Bar No. 699403