UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Stephen L. Phelps,

    Debtor.
_____/

Case No.: 6:23-bk-05281-TPG
Chapter 7

**UNITED STATES TRUSTEE'S AMENDED[1] AGREED NOTICE
OF TAKING 2004 EXAMINATION OF STEPHEN L. PHELPS
DUCES TECUM TO BE HELD ON MARCH 26, 2024, AT 2:00 P.M. EST**

| **Debtor** | **Date and Time** | **Location** |
|---|---|---|
| Stephen L. Phelps<br>37245 County Road 439<br>Eustis, FL 32736 | Tuesday, March 26, 2024,<br>2:00 p.m. EST | Via Remote Zoom Platform<br>(Links shall be provided at<br>least 24 hours in advanced) |

Mary Ida Townson, United States Trustee for Region 21 ("UST"), by and through the undersigned counsel, hereby gives notice that beginning **Tuesday, March 26, 2024, at 2:00 p.m., Eastern Standard Time** the UST will examine Stephen L. Phelps ("Debtor"), who is currently represented by counsel, Kenneth D. Herron, Jr., Esq. of Herron Hill Law Group, PLLC, pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 via a remote proceeding facilitated by Behmke Reporting and Video Services, Inc., an approved vendor by the UST ("Vendor"). The Vendor will provide an official court reporter authorized by law to take the examination and a videographer. No later than 48 hours prior to the examination, counsel shall inform the undersigned what jurisdiction within the United States or U.S. territories the Debtor will be testifying from to ensure that the Vendor may provide a duly authorized court reporter to administer the oath of the Debtor. This remote examination will be **audio recorded**.

---

[1] Amended to reflect the change of time of examination only, as agreed to by the parties.

The examination is being conducted pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.  Thus, no order is necessary.  The scope of the examination is described in Fed. R. Bankr. P. 2004.  The examination will be both audio recorded by stenographic and/or electronic means by the Vendor and is taken for the purposes of discovery, for use at trial, or for such other and further purposes as are permitted under the applicable and governing rules.  It is anticipated that the examination can take up to five hours but may be continued from day to day until testimony is completed.

In accordance with Local Rule 2004-1, this examination is being scheduled on less than 21 days' notice with a request for the production of documents based on the agreement between the parties as memorialized within e-mail communications between Mr. Herron's office and the undersigned on February 21, 2024.  **On or before March 20, 2024, at 12:00 p.m. Eastern Standard Time,** the Debtor, by way of his counsel, shall electronically provide the UST each of the documents set forth in the attached **Exhibit B** as attachments to the email address of the undersigned at Bryan.Buenaventura@usdoj.gov, or by any other electronic means as agreeable by the parties.

.

DATED:   March 19, 2024.

Respectfully Submitted,

MARY IDA TOWNSON
UNITED STATES TRUSTEE FOR REGION 21

  /s/  Bryan Edgar Buenaventura
Bryan E. Buenaventura, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 1022175
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801

Timberlake Federal Annex Building
501 East Polk Street, Suite 1200

Tampa, FL 33602  
Telephone No.: (407) 648-6070  
Facsimile No.: (407) 648-6323  
Bryan.Buenaventura@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing notice and exhibits have been served electronically through CM/ECF on March 19, 2024, to all parties having appeared electronically in the instant matter. **I HEREBY CERTIFY** further that a copy hereof shall be served by U.S. Mail, postage prepaid, on March 19, 2024 to the following:

Stephen L. Phelps  
37245 County Road 439  
Eustis, FL 32736

/s/ Bryan Edgar Buenaventura  
Bryan E, Buenaventura, Trial Attorney

**EXHIBIT A**

**INSTRUCTIONS AND DEFINITIONS**

(a) Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants and other representatives.

(b) In the event that Debtor(s) is/are able to provide only part of the document(s) called for in any particular request, provide all document(s) that Debtor(s) is/are able to provide and state the reason, if any, for the inability to provide the remainder.

(c) "Document(s)" means all materials within the full scope of Rule 34 of the Federal Rule of Civil Procedure including but not limited to: all writings and recordings, including the originals and all non- identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

(d) If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

(i) the name and title of the author and/or sender and the name and title of the recipient;
(ii) the date of the document's origination;
(iii) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;
(iv) the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization;
(v) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and
(vi) the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

(e) "Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

(f) Every request herein shall be deemed a continuing request and Debtor(s) is/are to supplement responses promptly if and when responsive documents are obtained which add to or are in any way inconsistent with Debtor(s)' initial production.

(g) These requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, then please so note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

(h) Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

(i) "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

(j) "Debtor" shall mean Stephen L. Phelps.

(k) "Mr. Phelps" shall mean Stephen L. Phelps.

(l) "FSD" shall mean FSD Hot Rod Ranch, LLC.

(m) "UST" shall mean United States Trustee and all employees, agents, representatives, or other persons acting or purporting to act on its behalf during the relevant period.

(n) "Petition Date" shall mean December 15, 2023.

(o) "Tax return" shall mean any return filed by the Debtor (jointly or separately) including all schedules, attachments, w-2's/1099's/k-1's where applicable.

## **EXHIBIT B**

## **DOCUMENTS TO BE PRODUCED**

Stephen L. Phelps, by way of his counsel, **on or before Wednesday, March 20, 2024 by 12:00 p.m. EST**, shall provide the United States Trustee each of the documents, things, or objects set forth below as attachments to the email address of the undersigned at Bryan.Buenaventura@usdoj.gov, or by any other electronic means as agreeable by the parties:

1. Copies of the Debtor's 2021, 2022, and 2023 filed tax returns with all attached schedules and statements including any K-1s, 1099s and W2 forms received for said years. If the 2023 tax return has not been filed, provide copies of current W-2s, 1099s, statements of income, etc. and a copy of the return immediately after filing with all attached schedules and statements.

2. Copies of bank statements and check registers on all checking, savings, money market, line of credit, stock brokerage, retirement, investment, or other account in the Debtor's name, or on which the Debtor is a signatory or beneficiary, for the period of December 1, 2022, to the present.

3. Copies of business bank statements of FSD Hot Rod Ranch, LLC for the period of December 1, 2022, to the present.

4. List of transfers of all vehicles made by FSD, and/or Debtor personally, within one year prior to the Petition Date to the present. Please include (i) the names, addresses, and telephone numbers of the individuals or entities to whom vehicles were transferred to or from; (ii) a detailed description of each vehicle including the vehicle's identification number; (iii) the value or consideration received or paid in connection with each vehicle transfer; (iv) the current status of the transfer of title for each vehicle; (v) current location of each vehicle; and (v) all supporting documentation related to each vehicle transfer including any contracts, broker agreements, receipts, titles, registrations, and communications i.e. email, correspondence, texts etc.

5. Detailed accounting of all income or financial assistance received by any third party for household expenses for the period of December 1, 2022, to the present.

6. For each of the entities listed below, provide copies of: 1) tax returns for years 2021, 2022, and 2023; 2) Profit & Loss Statements for years 2022 and 2023; 3) Balance Sheets for years 2022 and 2023; and 4) business bank statements, check registers, and cancelled checks for the period of December 1, 2022, to the present:

      a. Father, Son & Daughter, LLC;
      b. FSD Hot Rod Ranch, LLC;
      c. Jack's Garage, LLC; and
      d. Phelps Visionary, LLC.

7. A copy of the Debtor's complete homeowner's insurance policy including Declarations page and all riders and attachments for years 2022 and 2023.

8. A copy of the Debtor's current automobile insurance policy declarations page. Ensure the premium amount is shown on the documentation, the driver(s) insured, and each vehicle covered by the policy.

9. Documentation supporting the following expenses listed on Schedule J. Ensure the documentation reflects a history of payment of this expense for the last 12 months along with any scheduled monthly payments and a description of the purchase and/or services rendered.
   a. The rental or home ownership expenses for your residence of $11,500.00;
   b. Real estate taxes of $900.00;
   c. Property, homeowner's, or renter's insurance of $1,200.00;
   d. Home maintenance, repair, and upkeep expenses of $1,000.00;
   e. Electricity, heat, natural gas of $500.00;
   f. Telephone, cell phone, Internet, satellite, and cable services of $800.00;
   g. Food and housekeeping supplies of $1,000.00;
   h. Medical and dental expenses of $200.00; and
   i. Vehicle insurance of $150.00.

10. Part 4, Question 9, of the Debtor's Statement of Financial Affairs lists 17 separate legal proceedings, but does not specify the nature of each proceeding. If a judgment was issued, provide a copy of the judgment entered by the Court.