UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Stephen L. Phelps,                           Case No.: 8:23-bk-5281-TPG
                                                                                 Chapter 7

            Debtor.
_____/

**NOTICE OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION**

Richard B. Webber II, as Trustee for the Estate of Stephen L. Phelps ("Trustee"), by and through their undersigned counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, hereby gives notice of service of a subpoena to PNC Bank, National Association, attached hereto as Exhibit A, pursuant to which the Trustee requests the production of documents identified in the subpoena attached as Exhibit A **on or before May 13, 2024, at 5:00 p.m.**, at the office of **Wit Law, PLLC, 2102 West Cass Street, Second Floor, Tampa, Florida 33606, or alternatively, through electronic transmission to the undersigned counsel.**

If the examinee receives this notice less than 21 days before the scheduled examination, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Rule 2004 of the Federal Rules of Bankruptcy Procedure. Pursuant to Local Rule 2004-1, no order is necessary.

Respectfully submitted on April 21, 2024.        **WIT LAW, PLLC**
                                                                            2102 W. Cass St., Second Floor
                                                                            Tampa, FL 33606

                                                                            /s/ Andrew J. Wit_____
                                                                               **Andrew J. Wit**
                                                                            Fla. Bar No.: 1038525
                                                                            awit@witlaw.com
                                                                            (813) 522-6069
                                                                            *Special Counsel for Ch. 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2024, a true copy of the foregoing has been furnished via CM/ECF transmission to all parties currently registered to receive electronic notice and on April 19, 2024 by U.S. Mail to the parties identified below:

| | |
|---|---|
| Stephen L. Phelps<br>37245 County Road 439<br>Eustis, Florida 32736<br>*Via First-Class Mail* | PNC Bank, National Association<br>c/o PNC Bank Subpoena Department<br>500 First Ave., Mailstop P7-PFSC-01-S<br>Pittsburgh, PA 15219<br>*Via Certified Mail, Return Receipt Requested* |

                                                    /s/ Andrew J. Wit
                                                    **Andrew J. Wit**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Stephen L. Phelps

Case No.: 8:23-bk-5281-TPG

Chapter 7

Debtor.
_____/

**SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS**

TO: **PNC Bank, National Association**
c/o PNC Bank Subpoena Department
500 First Ave., Mailstop P7-PFSC-01-S
Pittsburgh, PA 15219

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place indicated below, the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ***All Documents on the attached Schedule A.***

| PLACE: *(If not produced electronically)*<br>Wit Law, PLLC Attn: Andrew J. Wit, Esq.<br>2102 West Cass Street, Second Floor<br>Tampa, Florida 33606 | DATE AND TIME<br>May 13, 2024 at 5:00 p.m. (EST) |
|---|---|

☐ *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME: |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

ISSUING OFFICER SIGNATURE AND TITLE

*/s/ Andrew J. Wit, Esq.*                                      Date: <u>April 19, 2024</u>
*Special Counsel to Chapter 7 Trustee*

ISSUING OFFICER'S NAME AND PHONE NUMBER

| Andrew J. Wit, Esq. | Wit Law, PLLC | (813) 522-6069 |
| Florida Bar No. 1038525 | 2102 W. Cass Street, 2nd Floor<br>Tampa, Florida 33606 | awit@witlaw.com |

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

>Andrew J. Wit, Esq.
>WIT LAW, PLLC
>2102 W. Cass St., 2nd Floor
>Tampa, Florida 33606

A true and correct copy of the foregoing document will be served or was served in the manner stated below *(specify)*:

**1.     SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.     SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): On April 19, 2024, the following persons and/or entities were served by USPS certified mail service as follows:

>**PNC Bank, National Association**
>c/o PNC Bank Subpoena Department
>500 First Ave., Mailstop P7-PFSC-01-S
>Pittsburgh, PA 15219

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2024 | Andrew J. Wit | /s/ *Andrew J. Wit* |
|---|---|---|
| Date | Printed Name | Signature |

# EXHIBIT A

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, Richard B. Webber II, as Chapter 7 Trustee for the Estate of Stephen L. Phelps ("Trustee") hereby request that PNC Bank, National Association produce documents responsive to the following requests to Andrew J. Wit, Esquire, Wit Law, PLLC, 2102 West Cass Street, Tampa, Florida, 33606, or such other location or medium agreed upon by the parties, no later than May 13, 2024 at 5:00 p.m. The Trustee requests that the documents described in the below Document Requests be produced pursuant to the Definitions and Instructions set forth below

### DEFINITIONS

1. The terms "Debtor," shall mean Stephen L. Phelps, including any agent, representative, assigns, affiliates, and all other persons or entities acting or purporting to act on the Debtor's behalf.
2. The term "FSD" shall mean FSD Hot Rod Ranch, LLC, including its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.
3. Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants, and other representatives.
4. The term "all" includes the word "any" and "any" includes the word "all."
5. "Communication" means any form of contact or communication between two or more individuals, including discussion or conversation, telephone or other electronic communication such as email, writings of all types, and any other manner of contact or communication.
6. "Document" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by way reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without

limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

      7.    "Each" includes the word "every" and "every" includes the word "each."

      8.    "Electronically Stored Information" or ""ESI" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all electronic, digital, computer technology, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, hard drives, thumb drives, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, remote storage, "cloud" storage, and any electronic, digital, or mechanical recording or production of any oral material, including without limitation word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments); SMS messages (including attachments); text messages (including attachments); instant messages (including attachments); audio, video, and audiovisual recordings; voicemail; networks; servers; computers; archives; back-up or disaster recovery systems; cloud storage; the internet; personal digital assistants; handheld wireless devices; cellular telephones; smart phones; laptops; tablets; hard drives; memory cards; and thumb drives. The term "referring" or "relating" to any given subject, when used to specify a Document or Electronically Stored Information, means any Document or Electronically Stored Information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

      9.    The term "referring" or "relating" to any given subject, when used to specify a document or electronically stored information, means any document or electronically stored information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

      10.    The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request facts, Documents, or Electronically Stored Information which might otherwise be construed to be outside its scope.

      11.    Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any Request.

## INSTRUCTIONS

      12.    Every Request herein shall be deemed a continuing Request and you shall supplement your answers promptly if and when you obtain responsive Documents or ESI that add to or are in any way inconsistent with your initial production.

      13.    If you claim that any Document or ESI responsive to this Request has been lost or destroyed, or are otherwise unavailable, describe and identify the Document or ESI by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

      14.    If in answering this Request you claim any ambiguity in interpreting the Request or a definition or an instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond but you shall set forth in your response that language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request.

15. When production of any Document or ESI in your possession is requested, such request includes Documents and ESI subject to your possession, custody, or control. In the event that you are able to provide only part of the Document or ESI called for in any particular Request, provide all Documents and ESI that you are able to provide and state the reason, if any, for the inability to provide the rest of the Document or ESI. If you do not have any Documents or ESI within your possession, custody, or control which are responsive to a particular Request, you shall indicate that you do not have any Documents or ESI responsive to the particular Request. If there are no Documents or ESI responsive to a particular Request, you shall say so.

16. These discovery requests are not intended to be duplicative. All Requests should be responded to fully and to the extent not covered by other Requests. If there are Documents or Electronically Stored Information that are responsive to more than one Request, then please so note and produce each such Document or Electronically Stored Information first in response to the Request that is more specifically directed to the subject matter of the particulate Document or Electronically Stored Information.

17. The Documents and or Electronically Stored Information produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business. All documents or communications and Electronically Stored Information shall be produced ion their original form. With the exception of spreadsheets (e.g., Microsoft Excel), databases (e.g. Microsoft Access), or other Documents which require software to access, open, and review, including electronic documents and electronic mail, all of which shall be produced in their native format, all ESI shall be produced in optical character recognition files for such document, and saved to a flash or other storage drive.

18. The laws and rules prohibiting destruction of evidence apply to Electronically Stored Information in the same manner as they apply to other types of documentary evidence. Due to its format, Electronically Stored Information is easily deleted, modified or corrupted. You must take every reasonable step to preserve all Electronically Stored Information concerning or relating to this matter until a final resolution. This includes, but is not limited to, your obligation to cease any and all data destruction and backup tape recycling policies which are in any way related to this matter.

19. If you claim that any Document or Electronically Stored Information responsive to this Request has been lost, deleted or destroyed, or it is otherwise unavailable, describe and identify the Document or Electronically Stored Information by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

20. With respect to each Document or ESI which you presently intend to withhold from production under a claim of privilege or other exemption from discovery, state the title and nature of the Document or ESI, and furnish a list signed by the attorney of record giving the following information with respect to each Document or ESI withheld:

    a. the name and title of the author and sender and the name and title of the recipient;
    b. the date of origination;
    c. the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the Document or ESI;

d. the name and position, if any, of each person to whom the contents of the Document or ESI have previously been communicated by copy, exhibition, reading or substantial summarization;
e. a statement of the specific basis upon which privilege is claimed and whether or not the subject matter or the contents of the Document or ESI is limited to legal advice or information provided for the purpose of securing legal advice; and
f. the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in the subparagraphs above.

## TIME PERIOD

Unless otherwise indicated, this Request refers to the period from December 15, 2019, through the present (the "Relevant Period").

## DOCUMENTS REQUESTED

1. Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for the Relevant Period for the following accounts:
   a. Father, Son & Daughter, LLC – EIN #81-0949192 (Account ending in 3264)
   b. Father, Son & Daughter, LLC – EIN #81-0949192 (Account ending in 3916)
   c. Father, Son & Daughter, LLC – EIN #81-0949192 (Account ending in 7193)
   d. Stephen L. Phelps and Betty C Ferrero (Account ending in 1498)
   e. Stephen L. Phelps, Eunice Loreanna Phelps, and Joshua Stephen Phelps (Account ending in 3926)
   f. Stephen L. Phelps and Eunice Loreanna Phelps (Account ending in 5373)
   g. Stephen L. Phelps, Eunice Loreanna Phelps, and Joshua Stephen Phelps (Account ending in 6565)
   h. FSD Hot Rod Ranch, LLC – EIN #87-3058257 (Account ending in 2105)

2. Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for the Relevant Period for any of the entities listed in Request No. 1 for any accounts not identified above.

3. Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for the Relevant Period for any of the following entities, for any account not otherwise disclosed in response to Request Nos. 1 & 2:
   a. JACK'S GARAGE, LLC – EIN #81-1781290
   b. PHELPS VISIONARY, LLC – EIN #87-4127957
   c. PEGASUS MANOR, LLC – EIN #93-3974267