UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Stephen L. Phelps,  Case No.: 8:23-bk-5281-TPG
 Chapter 7
      Debtor.
_____/

**NOTICE OF CONTINUED RULE 2004 EXAMINATION *DUCES TECUM***

Richard B. Webber II, as Chapter 7 Trustee for the Estate of Stephen L. Phelps ("**Trustee**"), by and through their undersigned counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, hereby gives notice of the Continued Rule 2004 Examination *Duces Tecum* (" **Examination**") of the Debtor, Stephen L. Phelps.

| Debtor | Date and Time | Location |
|---|---|---|
| Stephen L. Phelps<br>37245 County Road 439<br>Eustis, Florida 32736 | Tuesday, June 25, 2024, at 10:00 a.m. EST | Remote via Zoom Platform, with a link to be provided at least 24 hours in advance |

The scope of the examination will be as described in Rule 2004 of the Federal Rules of Bankruptcy Procedure. Pursuant to Local Rule 2004-1, no order is necessary. The Request attached is for production of documents and items as specified in **Exhibit A**. The examinee is requested to produce the items listed on the attached Request to the undersigned counsel **on or before June 24, 2024, at 5:00 p.m.**

Testimony by oral examination shall be on June 25, 2024, or on a later date as mutually agreed by the parties, but no later than 30 days after the completion of the document production. The examination shall be continuing from day to day until completion and is

being taken for the purpose of discovery, and for use at any hearing or trial or for such other purposes as are permitted under the applicable rules. If the examinee receives this notice less than 21 days before the scheduled examination, the examination will be rescheduled upon timely request to a mutually agreeable time.

Respectfully submitted on June 3, 2024.
      **WIT LAW, PLLC**
      2102 W. Cass St., Second Floor
      Tampa, FL 33606

      /s/ Andrew J. Wit
      **Andrew J. Wit**
      Fla. Bar No.: 1038525
      awit@witlaw.com
      (813) 522-6069
      *Special Counsel to Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 3, 2024, a true copy of the foregoing has been furnished via CM/ECF transmission to all parties currently registered to receive electronic notice and by U.S. Mail to the parties identified below:

Stephen L. Phelps
37245 County Road 439
Eustis, Florida 32736
*Via U.S. Mail*

      /s/ Andrew J. Wit

## EXHIBIT A

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, Richard B. Webber II, as Chapter 7 Trustee for the Estate of Stephen L. Phelps ("Trustee") hereby requests that Stephen L. Phelps produce documents responsive to the following requests to Andrew J. Wit, Esquire, Wit Law, PLLC, 2102 West Cass Street, Tampa, Florida, 33606, or such other location or medium agreed upon by the parties, no later than June 24, 2024 at 5:00 p.m. The Trustee requests that the documents described in the below Document Requests be produced pursuant to the Definitions and Instructions set forth below.

### DEFINITIONS

A. All references to "you" and "your" shall mean Stephen L. Phelps, also known as Stephen Phelps, and includes all entities owned by you and all other persons or entities acting or purporting to act on your behalf during the Relevant Period.

B. "Debtor" shall mean Stephen L. Phelps, including any agent, representative, assigns, affiliates, and all other persons or entities acting or purporting to act on the Debtor's behalf.

C. "Hot Rod Ranch" shall mean FSD Hot Rod Ranch, LLC (EIN No. 87-3058257) including its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, successors, or any party acting or purporting to act on its behalf during the Relevant Period.

D. "FSD" shall mean Father, Son & Daughter, LLC (EIN No. 81-0949192) and includes its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, successors, or any party acting or purporting to act on its behalf during the Relevant Period.

E. "Jack's Garage" shall mean Jack's Garage, LLC (EIN No. 81-1781290) and includes its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, successors, or any party acting or purporting to act on its behalf during the Relevant Period.

F. "Pegasus Manor" refers to Pegasus Manor, LLC (EIN No. 93-3974267) and includes its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, successors, or any party acting or purporting to act on its behalf during the Relevant Period.

G. "Petition Date" shall mean December 15, 2023.

H. "Property" shall mean the real property at 37245 County Road 439, Eustis, Florida 32736, including any structures or improvements thereon.

I. Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants, and other representatives.

  J.  The term "all" includes the word "any" and "any" includes the word "all."

  K.  "Communication" means any form of contact or communication between two or more individuals, including discussion or conversation, telephone or other electronic communication such as email, writings of all types, and any other manner of contact or communication.

  L.  "Document" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by way reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

  M.  "Each" includes the word "every" and "every" includes the word "each."

  N.  "Electronically Stored Information" or ""ESI" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all electronic, digital, computer technology, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, hard drives, thumb drives, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, remote storage, "cloud" storage, and any electronic, digital, or mechanical recording or production of any oral material, including without limitation word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments); SMS messages (including attachments); text messages (including attachments); instant messages (including attachments); audio, video, and audiovisual recordings; voicemail; networks; servers; computers; archives; back-up or disaster recovery systems; cloud storage; the internet; personal digital assistants; handheld wireless devices; cellular telephones; smart phones; laptops; tablets; hard drives; memory cards; and thumb drives. The term "referring" or "relating" to any given subject, when used to specify a Document or Electronically Stored Information, means any Document or Electronically Stored Information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

  O.  The term "referring" or "relating" to any given subject, when used to specify a document or electronically stored information, means any document or electronically stored information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

  P.  The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request facts, Documents,

or Electronically Stored Information which might otherwise be construed to be outside its scope.

Q. Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any Request.

## INSTRUCTIONS

R. Every Request herein shall be deemed a continuing Request and you shall supplement your answers promptly if and when you obtain responsive Documents or ESI that add to or are in any way inconsistent with your initial production.

S. In the event the responding party is able to provide only part of responsive document(s) sought in a particular request, please provide all document(s) the responding party is able to provide and state the reason, if any, for the inability to provide the complete document(s).

T. If you claim that any Document or ESI responsive to this Request has been lost or destroyed, or are otherwise unavailable, describe and identify the Document or ESI by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

U. If in answering this Request you claim any ambiguity in interpreting the Request or a definition or an instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond but you shall set forth in your response that language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request.

V. When production of any Document or ESI in your possession is requested, such request includes Documents and ESI subject to your possession, custody, or control. In the event that you are able to provide only part of the Document or ESI called for in any particular Request, provide all Documents and ESI that you are able to provide and state the reason, if any, for the inability to provide the rest of the Document or ESI. If you do not have any Documents or ESI within your possession, custody, or control which are responsive to a particular Request, you shall indicate that you do not have any Documents or ESI responsive to the particular Request. If there are no Documents or ESI responsive to a particular Request, you shall say so.

W. These discovery requests are not intended to be duplicative. All Requests should be responded to fully and to the extent not covered by other Requests. If there are Documents or Electronically Stored Information that are responsive to more than one Request, then please so note and produce each such Document or Electronically Stored Information first in response to the Request that is more specifically directed to the subject matter of the particulate Document or Electronically Stored Information.

X. The Documents and or Electronically Stored Information produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business. All documents or communications and Electronically Stored Information shall be produced ion their original form. With the exception of spreadsheets (e.g., Microsoft Excel), databases (e.g. Microsoft Access), or other Documents which require software to access, open, and review, including electronic documents and electronic mail, all

of which shall be produced in their native format, all ESI shall be produced in optical character recognition files for such document, and saved to a flash or other storage drive.

    Y.    The laws and rules prohibiting destruction of evidence apply to Electronically Stored Information in the same manner as they apply to other types of documentary evidence. Due to its format, Electronically Stored Information is easily deleted, modified or corrupted. You must take every reasonable step to preserve all Electronically Stored Information concerning or relating to this matter until a final resolution. This includes, but is not limited to, your obligation to cease any and all data destruction and backup tape recycling policies which are in any way related to this matter.

    Z.    If you claim that any Document or Electronically Stored Information responsive to this Request has been lost, deleted or destroyed, or it is otherwise unavailable, describe and identify the Document or Electronically Stored Information by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

    AA.    With respect to each Document or ESI which you presently intend to withhold from production under a claim of privilege or other exemption from discovery, state the title and nature of the Document or ESI, and furnish a list signed by the attorney of record giving the following information with respect to each Document or ESI withheld:

    a. the name and title of the author and sender and the name and title of the recipient;
    b. the date of origination;
    c. the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the Document or ESI;
    d. the name and position, if any, of each person to whom the contents of the Document or ESI have previously been communicated by copy, exhibition, reading or substantial summarization;
    e. a statement of the specific basis upon which privilege is claimed and whether or not the subject matter or the contents of the Document or ESI is limited to legal advice or information provided for the purpose of securing legal advice; and
    f. the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in the subparagraphs above.

## TIME PERIOD

Unless otherwise indicated, this Request refers to the period from December 15, 2019, through the present (the "Relevant Period").

## DOCUMENTS REQUESTED

1.    All documents related to a promissory note executed by Betty C. Ferrero and you on or about May 5, 2023.

2.    All documents related to payments to you or on your behalf relating to the promissory note executed by Betty C. Ferrero and you on or about May 5, 2023.

3.     All documents relating to consideration provided by Betty C. Ferrero to you in connection with the promissory note executed on or about May 5, 2023.

4.     Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for any of your bank accounts that transferred funds to you relating to the promissory note executed on or about May 5, 2023, between Betty C. Ferrero and you.

5.     Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for any of the bank accounts maintained by Betty C. Ferrero or Pegasus Manor that received any funds from you or another entity on your behalf including, but not limited to, RT-Royal Investments, LLC.

6.     Any and all documents evidencing a security interest held by Betty C. Ferrero in connection with the promissory note executed by Betty C. Ferrero and you on or about May 5, 2023, including, but not limited to, the lien on the 2011 Jaguar XJL.

7.     A copy of any documents and communications between Betty C. Ferrero and you related to improvements at the Property related to Pegasus Manor during the Relevant Period.

8.     All documents related to any property transferred by you to Betty C. Ferrero during the Relevant Period.

9.     All documents related to any property interest transferred by you from December 15, 2019, through the Petition Date.

10.    Details for any loans or extensions of credit received by you after the petition date including any written agreements for post-petition loans obtained by you, or if no written agreement exists, the name of the person/entity extending the credit, the amount received by the debtor, the date received, and the terms for repayment.

11.    All documents relating to the transfer or disposal of any property of Jack's Garage.

12.    All information related to the transfer or sale of any property in which you had an interest after the Petition Date. For each item, please include: (a) a description of the property, (b) the consideration received for the property; (c) the date of the transaction; (d) any communications related to the transfer or sale between the debtor and recipient of the property; and (e) any receipt, bill of sale, or other document memorializing the transaction.

13.    A schedule of all payments received from RT-Royal Investments, LLC relating to the Second Consolidated Promissory Note, Future Advance, and Mortgage Modification executed on or about October 26, 2023.

14. Provide a schedule of all payments received by you in connection with the May 5, 2023 promissory note executed by the debtor in favor of Betty C. Ferrero. For each payment, identify the amount, the date the funds were received, and the account the in which funds were received or deposited.

15. Provide a schedule of all payments made by anyone to any third parties on your behalf during the Relevant Period.

16. An itemized list of all jewelry and collectibles not included on the December 1, 2023, appraisal by Bob Ewald. This request includes, without limitation, all jewelry, collectibles, and personal property, whether or not the debtor thinks such property is valuable or not. For each item, please include the purchase price and purchase date. For example, there are no watches or jewelry listed on the appraisal and Mr. Phelps testified that he has cufflinks and watches.

17. An itemized list of all your property held in a storage unit within one year of the Petition Date. For each item, describe the property, the nature of your interest in the property, identify whether you owned that property on the petition date and, if not, identify the date the property was transferred.

18. Identify all instances where cash was withdrawn from any bank account you owned or had control for the period of December 15, 2021, through the Petition Date. For each withdrawal, identify how the funds were used and the party receiving all or a portion of each withdrawal.

19. All documents relating to work performed on the Property from December 15, 2021, to present, including, but not limited to, any communications, receipts, plans, photographs, or other documents reflecting work performed at the Property.

20. All documents relating to your transfer of Jack's Garage to a third party.

21. All communications sent or received by you relating to Pegasus Manor.

22. Please disclose the salary paid by Hot Rod Ranch, LLC or the Debtor to the Debtor, Eunice Loreanna Phelps, and Joshua Phelps. For each party, please specify: (1) the salary agreed to by the parties, (2) the amount actually paid for one year before the Petition Date.

23. All documents reflecting any employee of you or Hot Rod Ranch, including, but not limited to, pay stubs, time sheets, or checks from December 15, 2021, through the Petition Date.

24. All documents relating to wages owed by you or Hot Rod Ranch to any employee or contractor from December 15, 2022, through the Petition Date.