UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourt.gov

In Re:

Stephen L. Phelps,

      Debtor.

Case No.: 6:23-bk-05281-TPG
Chapter 7

_____/

### TRUSTEE'S COMBINED RESPONSE IN OPPOSITION TO MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Richard B. Webber, II as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Stephen L. Phelps ("**Debtor**"), files this Combined Response in Opposition to the Motion to Quash (Doc. 68) and Motion for Protective Order (Doc. 69) (together, the "**Discovery Motions**") filed by Pegasus Manor, LLC ("**Pegasus Manor**"), and states as follows:

#### SUMMARY OF RESPONSE

The Trustee files this Response and requests the Court deny the Discovery Motions. First, Pegasus Manor lacks standing to move to quash the subpoena to PNC Bank, NA on the basis that the subpoena was served improperly. Second, the Motion for Protective Order should be denied because Pegasus Manor falsely claimed that it attempted to confer prior to filing when no such attempt was made. Additionally, the Motion for Protective Order fails to show good cause for a protective order. Accordingly, the Trustee requests this Court deny the Discovery Motions.

#### RELEVANT FACTUAL BACKGROUND

*The Debtor's Relationship with Pegasus Manor*

1.     On October 16, 2023, Pegasus Manor, LLC ("**Pegasus**") filed its articles of organization with the Florida Department of State. Betty C. Ferrero ("**Ferrero**") is the Manager of Pegasus.

2.      The Debtor, who is a widower, has testified that Ferrero is his significant other and lives with him.

3.      While Pegasus lists its principal address as 2525 Stockbridge Square Southwest, Vero Beach, Florida 32962, it purportedly operates a "Wedding and Event Estate" at the Debtor's home, located at 37245 County Road 439, Eustis, Florida 32736 (the "**Property**").

4.      The Debtor testified at the Meeting of Creditors and in subsequent Rule 2004 examinations that renovations were performed at the Property to accommodate Pegasus Manor's planned operations.

5.      The Debtor also testified that Pegasus has not paid the Debtor any rent for utilizing the Property for its business.

*The Trustee's Rule 2004 Examination*

6.      On April 19, 2024, the Trustee served a subpoena *duces tecum* pursuant to Rule 2004[1] on PNC Bank, National Association ("**PNC**") requesting bank statements related to the assets and affairs of the Debtor (Doc. 57) (the "**Subpoena**").

7.      On May 12, 2024, Pegasus Manor filed the Discovery Motions. The Discovery Motions seek to prevent the Trustee from obtaining records from PNC relating to the Debtor's financial dealings with Pegasus Manor.

8.      Notably, PNC did not object or otherwise oppose production of the documents requested in the Subpoena. PNC produced the requested bank records except for the documents related to Pegasus Manor.

9.      Pegasus Manor argues that the Subpoena should be quashed because it was not properly served on Ferrero as the manager or registered agent of Pegasus Manor.

---

[1] All references herein to the "Bankruptcy Rules" or "Rule _____" are to the applicable Federal Rules of Bankruptcy Procedure, unless otherwise stated.

10.     Pegasus Manor also argues that a protective order should be issued to prevent the production of records from PNC relating to Pegasus Manor because the "request is not narrowly tailored or calculated to achieve a specific outcome related to litigation with the Debtor." Finally, Pegasus asserts there is "no basis or right of the Chapter 7 Trustee to request bank statements of a non-debtor entity . . . ."

*Pegasus Manor's Failure to Confer*

11.     Both the Motion to Quash and Motion for Protective Order allege that counsel for Pegasus "reached out to the Movant as to this Motion and will update the docket once he receives a response and has conferred with Mr. Wit."

12.     However, contrary to Pegasus Manor's certification, no good faith effort to resolve the issues alleged in the Motions was made. Pegasus Manor's counsel did not make any attempt to contact the Trustee's counsel prior to filing either Motion. Mr. Budgen admitted this in a subsequent email communication wherein he represented that he intended to reach out "at the time of the filing of the Motion." In sum, there was no email, call, or voicemail left by Mr. Budgen prior to filing the Discovery Motions.

*Pegasus Manor's Failure to Serve Notice and Cancellation of the Hearing*

13.     On May 16, 2024, the Court issued two Notices of Electronic Filing scheduling a hearing on August 7, 2024, at 11:15 AM, and directing Mr. Budgen to prepare, file, and serve a notice of hearing on the Discovery Motions.

14.     On May 21, 2024, the Court issued two Notices of Electronic Filing reminding Mr. Budgen to prepare, file, and serve a notice of hearing for the Discovery Motions.

15.     On May 23, 2024, the Court issued two Notices of Electronic Filing cancelling the hearing due to notice and service not appearing on the docket.

16.     Pegasus Manor requested a hearing on the Discovery Motion on June 3, 2024—three weeks after it filed the Discovery Motions.

17.     The delays and lack of diligence by Pegasus Manor and its counsel are prejudicial to the Trustee who is investigating the assets and affairs of the Debtor and preparing to file adversary proceedings against third parties.

MEMORANDUM OF LAW

**I.      The Motion to Quash Should be Denied.**

The Motion to Quash should be denied because: (A) Pegasus Manor lacks standing to move to quash the Subpoena, which was served on PNC Bank, (B) it fails to set forth any viable argument why the Subpoena should be quashed, (C) the subpoena was properly served, and (D) it misrepresents Pegasus Manor's attempt to confer.

First, Pegasus Manor lacks standing to move to quash the Subpoena because the Subpoena was directed to PNC Bank and not Pegasus Manor. Pegasus Manor lacks standing to quash the Subpoena served on PNC unless Pegasus Manor seeks to quash due to a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979);[2] *see also Zurich American Ins. Co. v. Hardin*, No. 8:14-cv-775-T-23AAS, 2019 WL 3082608, at *1 (M.D. Fla. July 15, 2019) (collecting cases). Here, Pegasus Manor has not asserted that the materials requested in the Subpoena are privileged. Further, Pegasus Manor has not identified any personal right preventing production of the materials.

Next, even if Pegasus Manor had standing to pursue its Motion to Quash, this Court is not the correct forum to assert the Motion to Quash. Rule 45 requires that a motion to quash be filed in "the court for the district where compliance is required."[3] Accordingly, if

---

[2] In *Bonner v. City of Richard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.
[3] Rule 45 is made applicable to this case by Rules 2004 and 9013 of the Bankruptcy Rules.

Pegasus Manor wished to pursue its Motion to Quash, it should have done so in the United States District Court for the Western District of Pennsylvania—the district where PNC was required to comply with the Subpoena.

Rule 45 of the Federal Rules of Civil Procedure provides four circumstances where a court must quash a subpoena.[4] However, the Motion to Quash does not address these four circumstances. Instead, Pegasus Manor argues that service of the Subpoena was defective because Pegasus Manor did not receive service of the Notice of 2004 Examination *Duces Tecum* or Subpoena. Notably, the Motion to Quash is devoid of any statutory or case law citations supporting the proposition that Pegasus Manor—as a third party—was entitled to notice of the Subpoena. The Subpoena was served on PNC who did not make any objection regarding the manner it was served. Thereafter, PNC complied with the Subpoena, but withheld records related to Pegasus Manor due to the pending Discovery Motions.

Here, Pegasus Manor's single argument in support of its Motion to Quash is that the Trustee failed to serve the subpoena on Pegasus Manor or its representative. However, this argument fails because the subpoena was properly served on the non-party from whom the records were sought. Accordingly, the Motion to Quash should be denied.

## II.     The Motion for Protective Order Should be Denied.

Pegasus Manor fails to establish good cause to warrant a protective order. In sum, Pegasus Manor argues that a protective order is warranted because: (1) there "is no basis nor right of the Chapter 7 Trustee to request bank statements of a non-debtor entity," (2) the

---

[4] On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; and (iv) subjects a person to undue burden.

Subpoena seeks "private and confidential information of a non-party"; (3) the request is not narrowly tailored or calculated to achieve a specific outcome related to litigation with the Debtor"; and (4) the request is unduly burdensome.

However, Pegasus Manor fails to recognize the broad scope of Rule 2004 and instead generally claims that the records sought are private and confidential without specifying how disclosure by PNC would harm Pegasus Manor. Accordingly, Pegasus Manor's Motion for Protective Order should be denied because: (A) good cause exists for their examination and the records sought are within the scope of Rule 2004, (B) Pegasus Manor has failed to show good cause why a protective order is warranted, and (C) Pegasus Manor failed to confer as required by Rule 7026 and Local Rule 7026-1[5] and misrepresented this fact in its Motions.

### A. The Motion for Protective Order should be denied because Pegasus Manor failed to confer as required by Rule 7026 and Local Rule 7026-1.

As a threshold matter, the Motion for Protective Order should be denied because Pegasus Manor's counsel failed to confer with the Trustee's Special Counsel. Moreover, the Motion for Protective Order included a certification that misrepresents Pegasus Manor's effort—or lack of effort—to confer. Despite this false statement being brought to the attention of counsel for Pegasus Manor, the Motion for Protective Order has not been amended, nor has a supplemental certification been filed. Pegasus Manor has made no attempt to confer aside from Mr. Budgen's brief responses to an email bringing the issue to his attention.

Local Rule 7026-1 requires that a motion for protective order "include a certification that the movant has in good faith conferred with the opposing party in an effort to resolve the issue without Court action." Bankruptcy courts in this district and throughout the Eleventh

---

[5] All references herein to the "Local Rules" are to the Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

Circuit have denied a motion for protective order where the moving party failed to confer

prior to filing the motion. *See, e.g.*, *In re Antonio*, 642 B.R. 337, 339 (Bankr. M.D. Fla 2022)

(McEwen, J.). Similarly, courts have also denied a motion for protective order where the party

included the certification but did not make a good faith effort to confer. *See In re Camferdam*,

8-30160-KKS, 2019 WL 3316133, at *2 (Bankr. N.D. Fla. May 15, 2019) ("Failure of counsel

to effectively communicate, or to communicate other than via email or in letters, will not be

tolerated; it does a disservice to the parties and the Court.").

The facts *sub judice* present a compelling case for denial of the Discovery Motions

because the certification misrepresented facts to the Court and Pegasus Manor made no effort

to confer with special counsel for the Trustee. Accordingly, the Trustee requests the Court

deny the Discovery Motions.

B. **The documents requested in the Subpoena related to Pegasus Manor are within the scope of Rule 2004 and good cause exists for their examination.**

Pegasus Manor's argument that the Trustee has no basis to obtain bank records of a

non-debtor entity is frivolous, particularly given the Debtor's ties to Pegasus Manor. The

documents sought by the Subpoena are necessary to the Trustee's investigation into the assets

and affairs of the Debtor, who has admitted to utilizing his funds for Pegasus Manor prior to

the Petition Date.

Rule 2004 allows the Trustee to examine "any entity" relating to "the acts, conduct,

or property or to the liabilities and financial condition of the debtor, or to any matter which

may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004. The phrase "any

entity" includes creditors and third parties who have had business dealings with the Debtor.

*In re Marathe*, 459 B.E. 850, 858–59 (Bankr. M.D. Fla. 2011) (citing *In re Fearn*, 96 B.R. 135,

138 (Bankr. S.D. Ohio 1989)). Rule 2004 discovery "can be legitimately compared to a fishing

expedition." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "The purpose of such a broad discovery tool is to assist the Trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005). "Particularly in chapter 7 cases … [Rule 2004] is an investigatory device trustees can use in order to quickly gather the information they need in order to do their job properly." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010).

The records sought in the Subpoena are relevant because they relate to the Debtor, Stephen L. Phelps, and the Debtor's dealings with Pegasus Manor. The Trustee seeks to determine whether Pegasus has derived any revenue from operations at the Debtor's property or whether the Debtor transferred any funds to Pegasus Manor. This information is within the scope Rule 2004 because the Trustee is tasked with investigating avoidable transfers. For example, the Debtor admits to having work done at the Property for Pegasus Manor's operations prior to the Petition Date. The Debtor also stated that Pegasus Manor has not compensated the Debtor for its use of the Property. To that end, the Trustee suspects the Debtor did not receive reasonably equivalent value for the benefits it conferred to Pegasus. For example, the Debtor funded renovations to the Debtor's Property for Pegasus Manor's operations and has allowed Pegasus Manor to use the Property without any consideration.

It is axiomatic that investigation of avoidable transfers is within the scope of the Trustee's duties and that Rule 2004 is the proper mechanism to investigate such transfers. Accordingly, the records of Pegasus Manor's bank records are within the scope of Rule 2004.

### C. *Pegasus Manor has not established good cause for a protective order.*

As the party seeking a protective order, Pegasus Manor has the burden to demonstrate good cause for its issuance. *Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1371 (S.D. Fla. 2009) ("The burden is on the party seeking the protective order to demonstrate good cause for its issuance."). Pegasus Manor's conclusory statements are insufficient to warrant a protective order. "The party seeking a protective order has the burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Al-Rayes v. Willingham (In re Willingham)*, 493 B.R. 628, 633 (Bankr. M.D. Fla. 2013) (citing *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Turning to Pegasus Manor's assertion that its bank records are private and confidential, Rule 2004 permits discovery of nonpublic information from third parties when such information is otherwise within the scope of Rule 2004.

Pegasus Manor's final argument asserts that it will face undue burden from the disclosure of private information. However, this claim of undue burden is undercut by the fact that PNC, not Pegasus Manor, is the party who must produce the documents. *See Al-Rayes v. Willingham (In re Willingham)*, 493 B.R. at 634 (noting that moving party failed to make particularized showing of undue burden where production was requested from a third party instead of the party seeking a protective order). Here, Pegasus Manor has failed to identify why the Trustee's examination of its bank records is unwarranted. Accordingly, Pegasus Manor has failed to show good cause for entry of a protective order.

**D. *The Trustee is entitled to the reasonable expenses incurred in opposing Motion for Protective Order if it is denied.***

Here, the Trustee is entitled to the fees to incurred to oppose the Motion for Protective Order if it is denied. Rule 37(a)(5) of the Federal Rules of Civil Procedure[6] provides that if a motion for protective order is denied, the Court must "require the movant, the attorney filing the motion, or both, to pay the opposing party's reasonable expenses incurred in opposing the motion, including attorney's fees." Accordingly, the Trustee will seek his reasonable expenses if the Court denies the Motion for Protective Order.

WHEREFORE, Richard B. Webber, II, Chapter 7 Trustee, respectfully request this Court enter an order (i) denying the Motion to Quash, (ii) denying the Motion for Protective Order, (ii) directing PNC to comply with the Subpoena by producing the remaining responsive documents immediately, (iii) awarding attorneys' fees and costs in favor of the Trustee and against Pegasus relating to the Motion to Quash, Motion for Protective Order, and any hearings on these matters,  and (iv) granting such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted by:

**WIT LAW, PLLC**
2102 W. Cass St., Second Floor
Tampa, FL 33606

*/s/ Andrew J. Wit*
**Andrew J. Wit**
Fla. Bar No.: 1038525
awit@witlaw.com
(813) 522-6069
*Special Counsel for Chapter 7 Trustee*

---

[6] Rule 37(a)(5) is referred to in Rule 26(c)(3) of the Federal Rules of Civil Procedure and is made applicable to this case by Bankruptcy Rule 7026.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 5, 2024, a true and correct copy of the foregoing was filed with the Court's CM/ECF electronic mail system which served a copy via electronic mail to all parties receiving electronic noticing and to the parties identified below.

| | |
|---|---|
| PNC Bank, NA<br>c/o Sarah Hillman<br>Dinsmore & Shohl LLP<br>Six PPG Place, Suite 1300<br>Pittsburgh, PA 15222<br>sarah.hillman@dinsmore.com | PNC Bank, National Association<br>c/o PNC Bank Subpoena Department<br>500 First Avenue, Mail Stop P7-PFSC-01-S<br>Pittsburgh, PA. 15219 |

*/s/ Andrew J. Wit*_____
**Andrew J. Wit**