UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

STEPHEN L. PHELPS,

        DEBTOR.
_____/

Case No. 6:23-bk-05281-TPG

Chapter 7

## **SUPPLEMENTAL DECLARATION**

**COMES NOW**, Pegasus Manor, LLC, by and through its undersigned attorney, and hereby files this Supplemental Certificate and as grounds therefore would show:

1. The undersigned is the Orlando representative for the Local Rules committee and familiar with the intent of the rule asking parties to confer regarding discovery rules. He is familiar with the proposed changes, because the current rule is vague.

2. The undersigned stated in the Motions filed by him in this case, both to Quash and for Protective Order, that "he has reached out" to the opposing counsel and would supplement the record. The undersigned did not take that wording to mean nor suggest that he had repeatedly attempted to contact counsel. The undersigned did not intend that statement to mean opposing counsel had ignored requests, refused to communicate nor that days had passed with no answer. The undersigned did not intend that statement to suggest significant efforts had taken place or had even begun toward the resolution of the discovery dispute.

3. The undersigned intended the phrase "he has reached out" to mean *with the filing of the motion*, simultaneously, contemporaneously, at or near the same point in time. If the undersigned had contacted the opposing party for multiple days, he would have stated the same.

    The Certificate of Service in the same filings state that the undersigned <u>has</u> mailed the filings *the next day,* the undersigned does not think anyone understands the certificate of mailing to mean the mailing was done at the local post office at midnight while holding the laptop in the other hand uploading the documents.

4. The Trustee has placed great emphasis on the timeline of events Mother's Day Sunday evening from 11:20 pm to 12:04 am Monday. The undersigned's client received notice near the discovery deadline. The undersigned received the last of what was needed to decide what to file on Mother's Day, Sunday May 12th. He believed **<u>an emergency existed</u>** by which he should docket the Motions prior to Monday May 13th, the day bank was to produce the subject discovery. He did not know if the bank would produce the documents at 7am or 4pm that Monday. To avoid any issues, he decided the Motions must be filed <u>before</u> Monday, May 13th and that notice to be given to the bank immediately thereafter.

5. **<u>The opposing counsel and the undersigned were engaged in a heated email exchange on the discovery, its service, etc. immediately prior to the Motion for Protective order being filed</u>**. The Motion to quash was filed at or around 11:20pm. The e-mail exchange began at or around 11:42pm. The Motion for Protective Order was filed at 11:58pm. Discussions continued by email for a few more minutes thereafter, concluding with opposing counsel saying that he would get back to the undersigned with the Trustee's position. The undersigned never interpreted that he should then call or email to discuss the matter further that night and instead waited to hear back from the Trustee. **<u>It appeared the parties had finished conferring for the</u>**

**time being**, arguably with more discussions to be had before properly saying conferring had concluded or even taken place.

6. The Trustee places great emphasis on whether an email or a call took place in the minutes before, the length of the emails that were exchanged, and whether they were sent during or after the Motions being filed. <u>The undersigned believes this is irrelevant</u>. <u>The Motions were filed before a deadline with two minutes to spare</u>. If the Trustee is saying that the discussion did not meaningfully get to nor have time to meaningfully explore a resolution before the Motions had to be filed, the undersigned fully agrees and that is why the discussions continue through today.

7. The undersigned **did not intend to suggest that the parties meaningfully conferred** prior to the filing of the Motion (albeit technically they were discussing the discovery immediately before filing of the second motion).
This is why the undersigned did not say "I have emailed with opposing counsel and we have had light discussions by email only but we will need more time, likely by phone, for it to be considered actual conferring." The undersigned instead said that he had reached out and would update the court. The undersign was handling an emergency filing with the intent of continuing discussions when time would permit.

8. District Court rule 3.01(g) has clear requirements including a 3-day window after the filing to comply, explaining the means by which the conference occurred, etc. Many District Court Case Management Orders require lead trial counsel to meet <u>in person</u> prior to a pre-trial to confer. Those rules are <u>very specific</u> and also <u>do not apply here</u>. Our local rule says "meet to confer". Nobody can argue this rule has the same specificity as its District Court counterparts. The undersigned contends "to meet" is

neither an email nor phone, but <u>in-person</u>. This Bankruptcy Court, however, has never interpreted "to meet" to mean in person, unlike the way the District uses the same words. Clearly, the current rule has some ambiguity. <u>The substance the rule to "meet to confer", however, is to discuss a resolution. The undersigned did not feel he could get the motion drafted and filed timely while also exploring a resolution at 11pm Sunday night Mother's Day</u>. Given that he finished filing with two minutes to spare, he believes that feeling was correct.

9. The undersigned never meant to suggest anything to the contrary and instead thought it was clear that the Sunday 11:58 pm filing was contemporaneous to any discussions that were either being requested, simultaneously beginning or had just begun minutes earlier, ie the undersigned had reached out, was reaching out, discussions were being initiated. The undersigned believed those discussion would continue beyond midnight, even though the filing could not, as was proven true. The undersigned apologizes if there was any inference to the contrary by his certification. He was not certify that opposing counsel was notified by telephone days earlier and failed to ever call back.

10. The parties continue to discuss a resolution as to the discovery requests as of today.

11. In the future, until the new local rule is in effect or otherwise, the undersigned will utilize a considerably more descriptive certification so there are no misunderstandings. The undersigned, however, continues to maintain that inability to confer, whether by circumstance, Holiday or otherwise does not bar due process, ie why it is a "good faith" requirement and not an absolute bar. The undersigned

contends that saying he has "reached out" (whether immediately before, during or after the filing) does not suggest anything more than he expected to confer soon.

12. The undersigned hereby supplements his Certificate to give an exhaustive and clear replacement, as well as an explanation of the sequence of events and what he understood his statement to relay.

Date:  May 12, 2024.

        Respectfully submitted,
        /s/ L. Todd Budgen___
        L. Todd Budgen
        Budgen Law
        Florida Bar No. 0296960
        P.O. Box 520546
        Longwood, FL 32752
        Phone: (407) 481-2888
        Attorney for Interested Party
        Pegasus Manor, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by CM/ECF on or before the 5th day of June, 2024 to:

Via CM/ECF to the Chapter 7 Trustee

Via CM/ECF to the Special Counsel to the Chapter 7 Trustee

All other CM/ECF parties.

        /s/ L. Todd Budgen
        L. Todd Budgen