UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,                                    Case No.: 6:23-bk-05281-TPG

    Debtor.                                                            Chapter 7

_____/

**DEBTOR'S RESPONSE TO TRUSTEE'S NOTICE OF
CONTINUED RULE 2004 EXAMINATION DUCES TECUM**

    Stephen L. Phelps ("Phelps") responds to the Trustee's Notice of Continued Rule 2004 Examination *Duces Tecum* (Doc. 72) (the "Request" or "Requests") and says:

**<u>General Objections</u>**

    1.    On December 15, 2023 (the "Petition Date"), Phelps filed a voluntary petition commencing this case as a case under Chapter 7.  After the Petition Date, Phelps borrowed money from various family members, friends and acquaintances. In the Request, the United States Trustee has requested that the Debtor produce documents relating to loans obtained after January 1, 2024, including the manner in which the Debtor obtained the loans, the use of the loan proceeds and the contact information for the parties that made the loans to the Debtor.  The Debtor objects to the production of any documents or to providing any testimony relating to any postpetition loans on the basis that that information is not relevant to the bankruptcy estate, does not affect administration of the estate and would not form the basis for any form of action by United States Trustee or the Chapter 7 trustee.

    2.    By producing any document in response to the Request, Phelps does not waive any objections he may have concerning the use of these documents and expressly reserves all applicable objections to admissibility, including, without limitation, authenticity, and relevance.

Phelps reserves his right to object to any use of produced documents, in whole or in part, at any stage of these proceedings.

3.      The production of any document by Phelps is not an admission of fact or of the truth or accuracy of any characterization of any kind contained in any of the Requests.

4.      These Objections are hereby incorporated by Phelps into the responses to each and every one of the specific Requests set forth below, and to each and every amendment, supplement, or modification to these responses hereinafter provided to the specific Requests propounded by the United States Trustee.  Phelps does not intend to waive any General Objection responsive to any specific Request.

## SPECIFIC RESPONSES

Subject to the foregoing General Objections and without waiving them, Phelps responds to the Requests as follows:

1.      All documents related to a promissory note executed by Betty C. Ferrero and you on or about May 5, 2023.

> **Response:**  the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

2.      All documents related to payments to you or on your behalf relating to the promissory note executed by Betty C. Ferrero and you on or about May 5, 2023.

> **Response:**  the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

3.      All documents relating to consideration provided by Betty C. Ferrero to you in connection with the promissory note executed on or about May 5, 2023.

> **Response:** the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

4.      Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and

supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for any of your bank accounts that transferred funds to you relating to the promissory note executed on or about May 5, 2023, between Betty C. Ferrero and you.

> **Response:** the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

5.     Any and all bank account statements and supporting documents, including but not limited to deposit slips, complete copies of cancelled checks, wire transfer confirmations and supporting documentation, debit memos and withdrawals with underlying support, and credit memos with underlying support for any of the bank accounts maintained by Betty C. Ferrero or Pegasus Manor that received any funds from you or another entity on your behalf including, but not limited to, RT-Royal Investments, LLC.

> **Response:**  the Debtor does not have joint ownership of any bank accounts with Betty C. Ferrero or Pegasus Manor.  The Debtor does not have possession, custody, control or access to any documents that might be responsive to this request.  Any request for documents related to those accounts would need to be directed to Betty C. Ferrero or Pegasus Manor.

6.     Any and all documents evidencing a security interest held by Betty C. Ferrero in connection with the promissory note executed by Betty C. Ferrero and you on or about May 5, 2023, including, but not limited to, the lien on the 2011 Jaguar XJL.

> **Response:**  a copy of the title to the 2011 Jaguar XJL was previously produced to the Trustee indicating that Betty C. Ferrero is a lienholder with respect to the 2011 Jaguar XJL

7.     A copy of any documents and communications between Betty C. Ferrero and you related to improvements at the Property related to Pegasus Manor during the Relevant Period.

> **Response**:  The Debtor is not aware of any documents that are responsive to this request.

8.     All documents  related to any  property transferred by  you to Betty  C.  Ferrero during the Relevant Period.

> **Response:**  The Debtor is not aware of any property transferred to him by Betty C. Ferrero during the Relevant Period.  Accordingly, the Debtor is not aware of any documents that are responsive to this request.

9.      All documents related to any property interest transferred by you from December 15, 2019, through the Petition Date.

> **Response:**  The only asset that the Debtor recalls selling from December 15, 2019 through the Petition Date is a Black 2011 Jaguar XJS, which was sold to FSD Hot Rod Ranch, LLC.  The documents relevant to this sale are in a deal jacket previously produced to the Trustee. Otherwise, the Debtor does not recall selling or transferring any assets from December 15, 2019, through the Petition Date.

10.     Details for any loans or extensions of credit received by you after the petition date including any written agreements for post-petition loans obtained by you, or if no written agreement exists, the name of the person/entity extending the credit, the amount received by the debtor, the date received, and the terms for repayment.

> **Response:**  Objection – see paragraph 1 of the general objections stated above.

11.     All documents relating to the transfer or disposal of any property of Jack's Garage.

> **Response:** The Debtor is not aware of any property of Jack's Garage that was transferred or disposed of.  Accordingly, the Debtor does not have any documents responsive to this request.

12.     All information related to the transfer or sale of any property in which you had an interest after the Petition Date. For each item, please include: (a) a description of the property, (b) the consideration received for the property; (c) the date of the transaction; (d) any communications related to the transfer or sale between the debtor and recipient of the property; and (e) any receipt, bill of sale, or other document memorializing the transaction.

> **Response:** The Debtor gave away trailer frame, sold a golf cart for $500.00 and a camera for $700.00.  The Debtor does not have any documents relating to the transfer or sale of these assets.

13.    A schedule of all payments received from RT-Royal Investments, LLC relating to the Second Consolidated Promissory Note, Future Advance, and Mortgage Modification executed on or about October 26, 2023.

> **Response:**  The Debtor did not receive any proceeds from the Second Consolidated Promissory Note, Future Advance, and Mortgage Modification executed on or about October 26, 2023.  The Debtor is producing the loan closing documents with an accompanying index and copies of the recorded instruments in the shared Box folder maintained by the United States Trustee.

14.    Provide a schedule of all payments received by you in connection with the May 5, 2023 promissory note executed by the debtor in favor of Betty C. Ferrero. For each payment, identify the amount, the date the funds were received, and the account the in which funds were received or deposited.

> **Response**: the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

15.    Provide a schedule of all payments made by anyone to any third parties on your behalf during the Relevant Period.

> **Response:** The Debtor is aware that payment of some personal expenses were made by FSD Hot Ranch, LLC and by Betty Ferrero during the Relevant Period.  The Debtor does not have a schedule of the payments, except to the extent that the documents produced relating to the loan from Betty Ferrero lists specific payments she made on the Debtor's behalf.

16.    An itemized list of all jewelry and collectibles not included on the December 1, 2023, appraisal by Bob Ewald. This request includes, without limitation, all jewelry, collectibles, and personal property, whether or not the debtor thinks such property is valuable or not. For each item, please include the purchase price and purchase date. For example, there are no watches or jewelry listed on the appraisal and Mr. Phelps testified that he has cufflinks and watches.

> **Response:** "FSD" cufflinks that were given to the Debtor as a birthday gift.  The Debtor has determined that the cufflinks were made by a company in Miami that produces personalized logo gifts. The approximate cost to order a pair is $125.00.
>
> The Debtor has an Invicta watch that he believes was purchased on Amazon for around $60.00.

17.    An itemized list of all your property held in a storage unit within one year of the Petition Date. For each item, describe the property, the nature of your interest in the property, identify whether you owned that property on the petition date and, if not, identify the date the property was transferred.

       **Response:** the Debtor maintains a storage unit, but the items in the storage unit belong to his son and daughter. The items consist of boxes of personal items and photo albums of their mother who passed away in 2015. Pictures of the items have been uploaded to the shared Box folder maintained by the United States Trustee.

18.    Identify all instances where cash was withdrawn from any bank account you owned or had control for the period of December 15, 2021, through the Petition Date. For each withdrawal, identify how the funds were used and the party receiving all or a portion of each withdrawal.

       **Response:** the Debtor has previously produced bank statements to the Trustee for the accounts which would show any and all cash withdrawals.

19.    All documents relating to work performed on the Property from December 15, 2021, to present, including, but not limited to, any communications, receipts, plans, photographs, or other documents reflecting work performed at the Property.

       **Response:** The only improvements (other than normal repairs) on the Property was the construction of a building of a 24 X 60 storage/shop building. This building was constructed by Gary Collins and the expense of about $40,000) was put on his personal credit cards.

       The Debtor is also remodeling 2 major buildings on the Property. He has spent approximately $90,000 on the remodel project. The Debtor has material receipts for approximately $13,671.00. Copies of the receipts have been uploaded to the shared Box folder maintained by the United States Trustee. Additionally, the Debtor believes he purchased additional materials and supplies for over $20,000 in cash and he spent $55,000 in cash payments to trades who have worked with him on the remodel.

20.    All documents relating to your transfer of Jack's Garage to a third party.

       **Response:** FSD Hot Rod Ranch, LLC was operating "Jack's Garage" as part of its operations to repair and maintain cars that it was selling. FSD Hot Rod Ranch, LLC simply quit operating "Jack's Garage" when its business operations ceased. Neither FSD Hot Rod Ranch, LLC nor the Debro transferred Jack's Garage to any third party.

21.    All communications sent or received by you relating to Pegasus Manor.

**Response:**  all responsive documents have been uploaded to the shared Box folder maintained by the United States Trustee.

22.    Please disclose the salary paid by Hot Rod Ranch, LLC or the Debtor to the Debtor, Eunice Loreanna Phelps, and Joshua Phelps. For each party, please specify: (1) the salary agreed to by the parties, (2) the amount actually paid for one year before the Petition Date.

**Response**:  All payroll records of FSD Hot Rod Ranch, LLC were delivered to the Trustee.

23.    All documents reflecting any employee of you or Hot Rod Ranch, including, but not limited to, pay stubs, time sheets, or checks from December 15, 2021, through the Petition Date.

**Response**:  All payroll records of FSD Hot Rod Ranch, LLC were delivered to the Trustee.

24.    All documents relating to wages owed by you or Hot Rod Ranch to any employee or contractor from December 15, 2022, through the Petition Date.

**Response**:  All payroll records of FSD Hot Rod Ranch, LLC were delivered to the Trustee.

**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
P. O. Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058
Primary e-mail: chip@herronhilllaw.com
Secondary e-mail: elizabeth@herronhilllaw.com

Attorneys for Stephen L. Phelps