UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,   Case No.: 6:23-bk-05281-TPG

    Debtor.   Chapter 7

_____/

**DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO F. R. B. P. 2004**

Stephen L. Phelps ("Phelps") responds to United States Trustee's Agreed Supplemental Notice of Continued 2004 Examination of Stephen L. Phelps *Duces Tecum* (Doc. 76) (the "Request" or "Requests") and says:

**General Objections**

1.  On December 15, 2023 (the "Petition Date"), Phelps filed a voluntary petition commencing this case as a case under Chapter 7. After the Petition Date, Phelps borrowed money from various family members, friends and acquaintances. In the Request, the United States Trustee has requested that the Debtor produce documents relating to loans obtained after January 1, 2024, including the manner in which the Debtor obtained the loans, the use of the loan proceeds and the contact information for the parties that made the loans to the Debtor. The Debtor objects to the production of any documents or to providing any testimony relating to any postpetition loans on the basis that that information is not relevant to the bankruptcy estate, does not affect administration of the estate and would not form the basis for any form of action by United States Trustee or the Chapter 7 trustee.

2.  By producing any document in response to the Request, Phelps does not waive any objections he may have concerning the use of these documents and expressly reserves all

applicable objections to admissibility, including, without limitation, authenticity, and relevance. Phelps reserves his right to object to any use of produced documents, in whole or in part, at any stage of these proceedings.

3. The production of any document by Phelps is not an admission of fact or of the truth or accuracy of any characterization of any kind contained in any of the Requests.

4. These Objections are hereby incorporated by Phelps into the responses to each and every one of the specific Requests set forth below, and to each and every amendment, supplement, or modification to these responses hereinafter provided to the specific Requests propounded by the United States Trustee. Phelps does not intend to waive any General Objection responsive to any specific Request.

## SPECIFIC RESPONSES

Subject to the foregoing General Objections and without waiving them, Phelps responds to the Requests as follows:

1. A true and correct copy of all responses provided in the same manner to the trustee's special counsel's Notice of Continued Rule 2004 Examination *Duces Tecum* (Doc. No. 72).

    **Response:** Subject to any objections raised by Phelps in response to Doc. 72, Phelps will provide copies of all responsive documents to the United States Trustee and the Chapter 7 Trustee in the shared Box folder maintained by the Untied States Trustee.

2. Provide the date(s) and bank account(s) or the manner in which the Debtor received the proceeds for the following transactions:

    a. Proceeds received from any third-party source on account of a personal loan or extension of credit since January 1, 2024;

    **Response:** Objection – see paragraph 1 of the general objection stated above.

    b. Proceeds received from the sale of any personal property by the Debtor on or

after the Petition Date;

**Response:** The Debtor sold a golf cart for $500.00 and a camera for $700.00. The Debtor does not have any documents relating to the sale of these assets.

c. Proceeds received from RT-Royal Investments, LLC in connection with the Second Consolidated Promissory Note, Future Advance, and Mortgage Modification executed on or about October 26, 2023;

**Response:** The Debtor did not receive any proceeds from the Second Consolidated Promissory Note, Future Advance, and Mortgage Modification executed on or about October 26, 2023. The Debtor is producing the loan closing documents with an accompanying index and copies of the recorded instruments.

d. Proceeds received from the promissory note executed in favor of Betty Ferrero dated May 5, 2023.

**Response:** the Debtor is producing a folder with the responsive documents in the shared Box folder maintained by the United States Trustee.

3. Copies of all bank account statements titled under the Debtor's name or any in which he has signatory rights since January 1, 2024, through the present or through the most-recently available bank statement. In accordance with the instructions of this Notice, provide each new responsive bank statement as they become available until further notice.

**Response:** There are no responsive documents. The Debtor does not have any bank accounts titled in his name nor has had signatory rights on any accounts since January 1, 2024.

4. An accounting of how the Debtor spent all post-petition loans proceeds, including alleged loans from personal friends such as Scott Andrew, Robert Thomas, "Sammy" and any

other additional sources since filing. Provide any supporting documentation related to any of the personal loans the Debtor obtained from these individuals.

**Response:** Objection – see paragraph 1 of the general objection stated above.

5. Copies of all delinquent tax returns for 2021, 2022, and 2023 and any associated schedules such as w2's 1099's, K-1's etc. in Debtor's name.

**Response:** There are no responsive documents. The Debtor has not filed tax returns for 2021, 2022 or 2023.

6. Provide contact information for individuals who provided post-petition personal loans to the Debtor, including Scott Andrew, Robert Thomas, and "Sammy."

**Response:** Objection – see paragraph 1 of the general objection stated above.

**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
P. O. Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058
Primary e-mail: chip@herronhilllaw.com
Secondary e-mail: elizabeth@herronhilllaw.com

Attorneys for Stephen L. Phelps